LILIENTHAL et al. v. McCORMICK et al.

(Circuit Court, D. Oregon.    March 1, 1898.)

No. 2,418.

1. CONTRACT OF SALE—ACTION FOR BREACH—PLEA OF PERFORMANCE.

An allegation of a tender of hops of an average of the best product of a crop produced upon certain premises, and that defendants exerted their utmost to produce a crop "of choice quality, in sound condition, of good color, and fully matured," does not show a compliance with a contract to deliver, absolutely, hops of that quality and condition, to be produced upon said premises.

2. SAME—DEMAND BEFORE SUIT.

A contract of sale subject to inspection provided for the repayment, on demand, of money advanced, if the goods, when delivered, were not accepted because not of the quality agreed upon.    Goods were tendered, and on that ground refused, and the seller insisted that he had fully performed the contract.    The purchaser sued for the alleged breach.    Held, that an answer that no demand had been made for the repayment of the money advanced was insufficient.

3. SAME—PERFORMANCE OF CONTRACT—PLEA OF TENDER.

A plea of tender of the money advanced, with interest thereon at the agreed rate, is a sufficient answer to a complaint for failure to comply with a contract to repay money advanced in case goods sold subject to inspection were not accepted.

Wirt Minor, for complainants.

John H. Woodward, for defendants.

BELLINGER, District Judge.    This is a suit by the complainants upon a hop contract, in which, among other things, it is prayed that the contract sued upon be decreed to be a lien upon certain hops grown upon one of the defendant's hop farms in Marion county, in favor of the complainants, to the extent of moneys advanced by them to the defendants, and of interest upon the same at the rate of 10 per cent. per annum from the dates upon which the same were advanced, and to the extent of all damages which have been sustained by the complainants by reason of the failure of the defendants to deliver hops according to their contract.    The contract provides for a delivery not later than November 10, 1897, of 30,000 pounds of hops, in bales of about 185 pounds each, in new 24-ounce bale cloth; 7 pounds tare per bale being allowed.    These hops are to be the product of the hop farm of Charles McCormick, defendant, consisting of about 70 acres.    The contract further provides that said hops, when delivered, are to be not the product of a first year's planting, and not affected by spraying or mold, and are to be of choice quality, and in sound condition, good color, fully matured, cleanly picked, free from vermin, damage, etc. And it is further provided that when said hops are delivered they may be inspected by the parties of the second part (the complainants herein), or by an agent selected by said parties, at the time of the delivery of any lot thereof, and that should said hops, or any part thereof, not be delivered in the condition agreed upon, according to the judgment of said parties of the second part, or their said agent, the said parties of the first part shall, upon demand, repay to said parties of the second part such sums of money as they may have advanced on said crop,

with interest at the rate of 10 per cent. per annum from the date when advanced; and it is provided that such instrument shall be a chattel mortgage on the entire crop of hops raised on the above-described land, to secure the payment of said sums advanced, and interest, and the performance of all the provisions thereof. This court has heretofore held in this case that this mortgage could not be enforced as a lien to secure damages for the nonperformance of the contract, but that it is a security merely for the repayment of the sums of money advanced by the complainants herein upon the said hop crop, with interest as provided in the contract. The questions to be now decided arise upon exceptions to the answer of the defendants herein.

The defendants answer, and allege the delivery of 30,000 pounds of the crop of hops raised by defendants on the 70 acres of land mentioned in the bill, and not of the first year's planting, in bales of about 185 pounds each, in new 24-ounce bale cloth, etc., "and that the said hops so delivered were an average of the best product of said crop so produced, picked, and cured on said premises of seventy acres; that said defendants did exert their utmost to produce and secure a crop of hops of choice quality, and in sound condition, and of good color, etc.; that said hops so by the defendants delivered at said warehouse as aforesaid were on or about the 10th and 11th days of October, 1897, tendered to the agent of the complainants, who inspected them in part, and upon such inspection did at the first accept and approve a portion thereof, and thereafter did reject and refuse to receive any portion thereof." This answer then sets out a letter written by defendants to complainants, notifying them that they had delivered 30,000 pounds of hops at the warehouse at Woodburn, Or., according to said contract, which said hops complainants, according to the statement in said letter, refused and neglected to take or pay for, and charging complainants with the failure to comply with their said contract. The letter declares that in consequence thereof the defendants elected to consider said contract to be abrogated and annulled, and of no force or effect, and it concludes with the tender of the sum of $1,063, as the money advanced and paid under said contract, including interest thereon. All of these portions of the answer are excepted to, and the exceptions are sustained. The allegation that the defendants tendered 30,000 pounds of hops, of an average of the best product of said crops so produced, etc., and that they exerted their utmost to procure and produce crops of choice quality, and in sound condition, of good color, fully matured, etc., does not show a compliance with the requirements of the contract. The latter part of this allegation merely shows an attempt to comply with the contract, by an utmost exertion to procure a crop of hops of the quality required. The allegation that the crops tendered were an average of the best product of said crops so produced does not answer the contract, by which the defendants bound themselves to deliver hops of choice quality, and in sound condition, of good color, fully matured, etc. The tender was of an average of the best product of the crop produced, while the obligation was to deliver, absolutely, hops of choice quality, and in sound condition, good color, fully matured, etc. The letter set forth in the answer is wholly immaterial. It makes no difference what the parties

say, in a letter written to the complainants, they have done towards the performance of the contract. The material thing is, what have they in fact done? The exception is also sustained as to the second paragraph on page 3 of the answer, which alleges that complainants have never made demand on defendants for repayment of the money alleged in the complaint to have been advanced by them to defendants, etc. As to the remainder of the answer, the exception is overruled. Part of this matter is immaterial, and might have been stricken out, but connected with it are allegations of a tender, which show a compliance with the condition of the contract by which the defendants agreed to refund the money advanced by the complainants, with interest, etc., if the complainants, according to their judgment, should conclude that the hops tendered were not of the quality required by the contract, and should for that reason refuse to accept them.